HEANEY, Circuit Judge.
 

 T.J. Borchardt and Delila Borchardt (debtors) filed a voluntary petition in bankruptcy under Chapter 11 on October 20,
 
 *949
 
 1983. They owed the Farmers State Bank of Sherburn, Minnesota approximately $306,000.
 

 On April 20, 1984, the debtors and the bank entered into a stipulation which permitted the debtors to continue farming in 1984. It required the bank to finance the debtors’ 1984 farm operation, living expenses, and attorneys’ fees in exchange for a lien on the 1984 crop. The new debt was to be paid in full by December 1, 1984, and repayment of the pre-petition debt was to be undertaken by the same date. The stipulation also provided that in the event of default, the bank was authorized to liquidate all property in which it had a security interest. The debtors defaulted because of adverse weather conditions. The default was approximately $19,000.
 

 On April 9, 1985, 47 B.R. 879, the bankruptcy court entered an order modifying the stay and allowing the bank to commence foreclosure proceedings in state court. The district court held that the debtors had offered insufficient justification for a departure from the plain language of the stipulation agreement and affirmed the bankruptcy court’s order. No appeal was taken from this decision of the district court.
 

 Thereafter, a foreclosure proceeding was commenced in state court. The debtors then filed an application on May 20, 1985, to again remove the foreclosure proceedings from the state court to the bankruptcy court. The bankruptcy court held that the district court had, by its earlier action, made a final determination as to the disposition of the property. It stated:
 

 To allow the debtors to bring this matter again before the court after issuing an order allowing the parties to proceed in state court would circumvent the appeal process as set forth in the bankruptcy code as well as undermine the concept of finality and conclusiveness which is necessary for the proper functioning of the court.
 

 It stated that it would abstain from further consideration of the proceeding and ordered the matter remanded to the Martin County District Court, and the proceedings dismissed with prejudice.
 

 An appeal was taken to the district court and the district court affirmed the bankruptcy court’s decision. In addition, because the debtors had challenged the authority of the bankruptcy court to remand the proceedings to the state court, the district court considered the matter
 
 de novo
 
 and entered an order similar to that issued by the bankruptcy court. The debtors appeal from the district court’s decision.
 

 It now appears from the record that the debtors and the bank may have settled their differences and agreed on a plan of reorganization, which they have requested the bankruptcy court to approve. The debtors nonetheless want this Court to review the matter for two reasons: First, because the bankruptcy court was without authority to abstain and remand the matter to the district court; and second, because the decisions of the bankruptcy court and the district court contain language that is critical of the debtors and their counsel.
 

 The creditor contends that the matter is moot. If in fact the parties have agreed to a plan of reorganization, the matter may be moot, but there is insufficient documentation in this record for us to determine whether the facts recited by the debtors are correct. We, thus, affirm the district court for the reasons stated in its opinion.
 
 See
 
 8th Cir.R. 14. The debtors voluntarily entered into a stipulation for payment of their post-petition debt and payment on the pre-petition debt. The bankruptcy court found that the reasons advanced by the debtors for their failure to pay this debt were insufficient and remanded the matter to state court. The district court reached the same conclusion and no appeal was taken to this Court. Thus, when the debtors attempted to bring the matter back to the bankruptcy court for the second time, the district court properly held that it would not rehear the matter and would
 
 *950
 
 summarily remand to the state court so that the foreclosure proceeding could continue.
 

 Nothing that we have said in this opinion should be permitted to affect any agreement of the parties to a plan of reorganization.
 

 Affirmed.