**In re Raymond PERRY, Debtor.**

**Raymond PERRY, Plaintiff,**

v.

**PENNSYLVANIA HOUSING FINANCE AGENCY, Defendant.**

Bankruptcy No. 88–10305S.
Misc. No. 88–0298.
Adv. No. 88–0434S.

United States District Court,
E.D. Pennsylvania.

June 10, 1988.

David A. Searles, Community Legal Services, Inc., Philadelphia, Pa., for debtor/plaintiff.

Jolynn M. Stoy, Pennsylvania Housing Finance Agency, Harrisburg, Pa., for defendant.

ORDER

KATZ, District Judge.

AND NOW, this 9th day of June, 1988, upon consideration of Report and Recommendations of the United States Bankruptcy Judge of May 12, 1988, it is hereby ORDERED AND DECREED as follows:

1. The Report and Recommendations are ADOPTED by this court.

2. The Defendant's Motion for Remand Pursuant to Bankruptcy Rule 9027(e) is GRANTED.

3. This matter is hereby REMANDED to the Commonwealth Court of Pennsylvania, at No. 637 C.D. 1988, and the Deputy in Charge of Bankruptcy Operations shall forthwith transfer the file in the above-captioned proceeding to that court.

REPORT AND RECOMMENDATION
SUR DEFENDANT'S MOTION
SEEKING ABSTENTION

DAVID A. SCHOLL, Bankruptcy Judge.

This is an adversary proceeding arising when the Debtor, an applicant for benefits under the Pennsylvania Homeowner's Emergency Mortgage Assistance Payment program (hereinafter referred to as "HEMAP"), established in 35 P.S. § 1680.401c, et seq., removed to this court her appeal of an adverse agency determination on her application for assistance, filed with the Commonwealth Court of Pennsylvania, which has jurisdiction of appeals from adjudications by state agencies. The Defendant, the agency administering the HEMAP program and rendering the adjudication, the PENNSYLVANIA HOUSING FINANCE AGENCY (hereinafter "PHFA"), moved this court to remand this matter to the Commonwealth Court pursuant to Bankruptcy Rule (hereinafter "B.Rule") 9027(e). Although we announced in open court on May 11, 1988, our intention to grant the motion, we subsequently realized that, pursuant to B.Rule 9027(e), as amended August 1, 1987, we are obliged to file a report and recommendation regarding PHFA's motion to the district court, which

is alone empowered to enter an order relevant to the motion.

PHFA's motion is based, alternatively, on 28 U.S.C. §§ 1334(c)(1) or (c)(2), which provide as follows:

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise. This subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.

In *In re Container Transport, Inc., Container Transport, Inc. v. Scott Paper Co.*, Bankr. No. 87–04424S, Adv. No. 88–0029S (Bankr. E.D.Pa., Report and Recommendation filed March 25, 1988), we adopted the following six-component test developed by our brother, Judge Fox, for determining whether § 1334(c)(2) is properly invoked:

(1) a timely motion is made: (2) the proceeding is based upon a state law claim or state claim cause of action; (3) the proceeding is related to a case under Title 11; (4) the proceeding does not arise under Title 11; (5) the action could not have been commenced in a federal court absent jurisdiction under 28 U.S.C. § 1334; and (6) an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.

*In re Pacor, Inc.*, 72 B.R. 927, 931 (Bankr. E.D.Pa.1987), *aff'd and recommendation approved*, 86 B.R. 808 (E.D.Pa.1987), *appeal dismissed*, No. 87–1408 (3d Cir. Jan. 27, 1988); *In re Earle Industries, Inc.*, 72 B.R. 131, 132–33 (Bankr.E.D.Pa.1987); and *In re Futura Industries, Inc.*, 69 B.R. 831, 834 (Bankr.E.D.Pa.1987).

We believe that all six components are present here, requiring us to abstain, although we have some degree of doubt as to whether the third and sixth components are established on this record. If this proceeding were a "core proceeding," then clearly the third component would not be met because the proceeding would not be merely "related" to the Debtor's bankruptcy case. *Compare In re Gurst*, 75 B.R. 575, 577 (Bankr.E.D.Pa.1987); and *In re United Church of the Ministers of God*, 74 B.R. 271, 277 (Bankr.E.D.Pa.1987). Also, if the alternative to our adjudication of this matter would be a significant delay in the state courts, the sixth component would not be met.

We believe that satisfaction of the third and sixth components are close questions. Clearly, the proceeding here does not implicate 28 U.S.C. §§ 157(b)(2)(B) and (K), as did the proceeding in issue in *Gurst*, and it does not involve issues so fundamentally related to administration of the estate as the proceeding in *United Church*. However, it arguably has an impact on liquidation of assets of the estate, per 28 U.S.C. § 157(b)(2)(O), as the goal of the appeal is to save the Debtor's home from foreclosure. *But see In re A.I.A. Industries, Inc.*, 75 B.R. 1013, 1018 (Bankr.E.D.Pa. 1987) (§ 157(b)(2)(O) cannot be read broadly or it conflicts with constitutional limitations on the power of bankruptcy courts). With respect to the sixth component, we note that administrative appeals are handled quite quickly by the Commonwealth Court. Thus, we have only slight doubts that abstention under § 1334(c)(2) would be appropriate.

Moreover, as Judge Fox suggests in *Future Industries, supra,* 69 B.R. at 834, cases where most of the criteria of § 1334(c)(2) are met are particularly apt fare for invocation of § 1334(c)(1). Added to the equation in considering § 1334(c)(1) abstention here are the following factors: (1) The instant matter involves an appeal from a determination by a state agency made on a record established before that agency. We have some doubt as to whether removal of a matter is appropriate when the factual record has been made in another forum and we are asked to sit as an appellate court. *Cf. Haun v. Retail Credit Co.,* 420 F.Supp. 859, 863 (W.D.Pa.1976) (removal under 28 U.S.C. § 1441, et seq., is not to be allowed as an "'alternative appeal' route in federal court"); and (2) This matter involves an appeal from a denial of state benefits, which appears to render the issues presented to be those presenting significant state interests. *See In re Stephen Smith Home for the Aged, Inc.,* 80 B.R. 678, 680, 683–85 (E.D.Pa.1987).

Given this combination of factors, we deem it appropriate to enter an Order recommending that the district court enter an order remanding this proceeding to the Commonwealth Court.