In re MICRO DESIGN, INC., Debtor.

COMPUTERWARE, INC., Plaintiff,

v.

MICRO DESIGN, INC., Defendant.

MICRO DESIGN, INC., Plaintiff,

v.

James R. KOVALCIK, Thomas Kovalcik, David Kovalcik, and John Kovalcik, Jr., Defendants.

Bankruptcy No. 90–10846S.
Misc. No. 90–425.
Adv. No. 90–0430S.

United States District Court,
E.D. Pennsylvania.

Aug. 3, 1990.

Richard J. Kwasny, Lawrenceville, N.J., for debtor.

Glenn E. Davis, Philadelphia, Pa., for Computerware, Inc.

Ronald J. Isenberg, Cozen, Begier & O'Connor, Philadelphia, Pa., for debtor in State Court.

John J. Hagan, Harbor, Pa., for Computerware, Inc. in State Court.

## ORDER

LOUIS H. POLLAK, District Judge.

AND NOW, this 3rd day of August, 1990, upon consideration of the Report and Recommendations of the United States Bankruptcy Judge of June 29, 1990, it is hereby ORDERED and DECREED as follows:

1. The Report and Recommendations are ADOPTED by this court.

2. The Motion of COMPUTERWARE, INC. to Remand the Actions removed in this proceeding is GRANTED.

3. The cases removed in this proceeding are remanded to the Court of Common Pleas of Montgomery County, at Nos. 85–09080 and 87–11818, respectively.

4. The Deputy in Charge of Bankruptcy Operation is directed to remit the file in this proceeding to the Court of Common Pleas of Montgomery County forthwith.

REPORT AND RECOMMENDATIONS OF BANKRUPTCY JUDGE SUR MOTION OF COMPUTERWARE, INC. FOR REMAND OR ABSTENTION AND OTHER RELIEF

DAVID A. SCHOLL, Bankruptcy Judge.

Before the court is a Motion filed by COMPUTERWARE, INC. ("Computerware"), the Plaintiff in one of two related

matters removed from the Court of Common Pleas of Montgomery County, Pennsylvania ("CCP"), to the bankruptcy court under a single adversary number, asking that the bankruptcy court abstain from hearing both matters or remand them back to the CCP, and grant Computerware relief from the automatic stay to proceed on its action in the CCP against MICRO DESIGN, INC., the Debtor in the underlying proceeding ("the Debtor"). In compliance with Bankruptcy Rule ("B. Rule") 9027(e), we herein present a Report and Recommendations concerning the Motion to the district court, recommending that both actions be remanded to the state court. However, we will deny that aspect of Computerware's Motion seeking relief from the automatic stay to proceed with its action against the Debtor in the CCP because of both procedural and substantive deficiencies in this aspect of the Motion.

Computerware commenced the first of the Actions by filing a civil action in the CCP, docketed at No. 85–09080, against the Debtor on August 5, 1985 ("Computerware's Action"), upon the Debtor's appeal from a judgment of a local District Justice Court against the Debtor. In its underlying claim, Computerware alleges that it sold and delivered to the Debtor certain computer and related equipment for which the Debtor has not paid a total of $3,673.80 in breach of the parties' contract.

In addition to defending Computerware's Action, the Debtor commenced a civil action of its own against James R. Kovalcik, Thomas Kovalcik, David Kovalcik, and John Kovalcik, Jr. ("the Kovalciks"), officers or employees of Computerware, also in the CCP, which was docketed as No. 87–11818. In this case, the Debtor alleged that the Kovalciks physically assaulted employees of the Debtor in seeking to "peaceably repossess" the computer equipment in issue ("the Debtor's Action"). The Kovalciks' actions allegedly resulted in physical injuries to the employees, damage to the Debtor's property, and a loss of business significantly contributing to the Debtor's Chapter 11 filing on February 28, 1990. The Debtor is requesting compensatory and punitive damages in excess of $200,000.00.

On May 30, 1990, both Computerware's Action and the Debtor's Action were removed to this court pursuant to the Debtor's Application for removal filed May 25, 1990.[1] By Order dated May 30, 1990, pursuant to our regular practice with any case removed to this court, we ordered that any party wishing to file a Motion to Remand must file same and an accompanying Brief by June 13, 1990; that the Debtor must respond by June 25, 1990; and that a trial was set for July 5, 1990, in the event that no remand transpired. Computerware timely filed its Motion,[2] although it appended thereto a request that we abstain from hearing these proceedings and a request for relief from the automatic stay to pursue its Action against the Debtor in the CCP as well.

Computerware requests that both Actions be remanded to the CCP because (1) the Actions are non-core, and therefore mandatory abstention would be appropriate; (2) all parties have requested jury trials in both actions;[3] and (3) litigation of

---

1. We note that there is a strong possibility that the Debtor failed to strictly comply with Bankruptcy Rule ("B. Rule") 9027(a) in submitting this Application. An Application to remove must be "accompanied by a copy of *all* process and pleadings." It is very helpful if the docket entries also accompany the record. No docket entries were included. It appears that the documents demanding a jury trial in these cases were also excluded.
We also question whether it is proper to remove two state court actions with one Application for removal.

2. The Debtor claims that the Motion was filed belatedly on June 14, 1990. Our docket reveals

a timely filing. However, Computerware's counsel neglected to send the court a copy of its filing, as required in the Order, until June 20, 1990. It also saw fit to not only add other motions to the motion, but to file an unsolicited Reply Brief, a practice disfavored in this court. *See In re Jungkurth,* 74 B.R. 323, 325–26 (Bankr. E.D.Pa.1987), *aff'd,* 87 B.R. 333 (E.D.Pa.1988).

3. As we indicated at page 365 n. 1 *supra,* this fact is not apparent from the piecemeal record of the CCP Actions with which we have been presented. However, it appears to be an accurate assertion, because Computerware's averments of such jury demands, though obviously

the Actions in this court is inconvenient, since all witnesses and employees of all parties are located in Montgomery County.[4]

### A. *We will Recommend that Computerware's Action and the Debtor's Action Shall Both Be Remanded to the CCP.*

■ Once an action is removed to the bankruptcy court, it may be remanded pursuant to 28 U.S.C. § 1452(b), which provides as follows:

> The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision, is not reviewable by appeal or otherwise.

■ Since a remand may be made based on "any equitable ground," 28 U.S.C. § 1452(b) gives very broad discretion to the district court to remand a removed proceeding back to the court from which it has been removed. 1 COLLIER ON BANKRUPTCY ¶ 3.01[g], at 3–98 (15th ed. 1989). *Accord, Hanna v. Philadelphia Asbestos Co.,* 743 F.2d 996, 1000–01 (3d Cir.1984).

In *Browning v. Navarro,* 743 F.2d 1069, 1076 n. 21 (5th Cir.1984), the court, considering 28 U.S.C. § 1478(b), the predecessor of § 1452(b), listed eight non-exclusive factors to review when determining a remand motion:

> (1) forum non conveniens; (2) a holding that, if the civil action has been bifurcated by removal, the entire action should be tried in the same court; (3) a holding that a state court is better able to respond to questions involving state law; (4) expertise of the particular court; (5) duplicative and uneconomic effort of judicial resources in two forums; (6) prejudice to the involuntarily removed parties; (7) comity considerations; and (8) a lessened possibility of an inconsistent result (citations omitted).

*See also In re Ross,* 64 B.R. 829, 834–35 (Bankr.S.D.N.Y.1986).

The courts of this jurisdiction have consistently held that, if grounds for abstention pursuant to 28 U.S.C. § 1334(c) are present, then a remand is appropriate. *See In re Taylor, Federal National Mortgage Ass'n v. Rockafellow,* 115 B.R. 498, 500 (E.D.Pa.1990); *In re Joshua Slocum, Ltd.,* 109 B.R. 101, 105 (E.D.Pa.1989); *In re Pacor, Inc.,* 72 B.R. 927, 931 (Bankr.E.D.Pa. 1987), *adopted,* 86 B.R. 808 (E.D.Pa.1988), *appeal dismissed,* No. 87–1408 (3d Cir. Jan. 27, 1988); and *In re Futura Industries, Inc.,* 69 B.R. 831, 835–36 (Bankr.E.D. Pa.1987). *See also In re Perry,* 86 B.R. 388, 389 (E.D.Pa.1988); *In re Gurst,* 75 B.R. 575, 577–79 (Bankr.E.D.Pa.1987); and *In re United Church of the Ministers of God,* 74 B.R. 271, 276–78 (Bankr.E.D.Pa. 1987).

Therefore, those aspects of Computerware's Motion seeking abstention and a remand in reference of this proceeding are basically congruent, as is the relief sought therein that this proceeding should be returned to the CCP.

We therefore will focus on the more structured law pertaining to abstention, which is set forth statutorily in 28 U.S.C. §§ 1334(c)(1) (discretional abstention) and (c)(2) (mandatory abstention) as follows:

> (c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under

---

significant to resolution of the Motion, are not denied by the Debtor.

**4.** Any claim of inconvenience is patently frivolous. Montgomery County is contiguous with

Philadelphia, the courthouse in Norristown is only about 20 miles away, and both attorneys are situated much closer to our courthouse than to the CCP in Norristown.

this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise. This subsection shall not be construed to limit the applicability of the stay provided for any section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.

It is well-established, in this jurisdiction, that "mandatory abstention," pursuant to § 1334(c)(2), is appropriate only when the following six requirements are satisfied: (1) a timely motion is made; (2) the proceeding is based upon a state law claim or state law cause of action; (3) the proceeding is related to a case under Title 11; (4) the proceeding does not arise under Title 11; (5) the action could not have been commenced in a federal court absent jurisdiction under 28 U.S.C. § 1334; and (6) an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.

*Taylor, supra,* 115 B.R. at 500; *Joshua Slocum, supra,* 109 B.R. at 105; *In re Container Transport, Inc.,* 86 B.R. 804, 806 (E.D.Pa.1988); *Pacor, supra,* 72 B.R. at 932; and *Futura Industries,* 69 B.R. at 834.

There is little dispute that the first, second, fourth, and fifth requirements of the six above stated are met here. However, the parties devote considerable energy to a dispute over whether these Actions are "core proceedings," pursuant to 28 U.S.C. § 157(b)(2), and very little attention to whether these Actions can be timely adjudicated in the CCP, where they have already languished for years.

■ Computerware argues that, since the Actions do not "arise under" the Bankruptcy Code, they are non-core in nature. We disagree with this breadth of this assertion. Almost all aspects of the bankruptcy claims process involves rights which creditors assert against debtors arising under state law. Yet such matters are clear-

ly core. *See* 28 U.S.C. §§ 157(b)(2)(B), (b)(2)(C) and *In re Meyertech Corp.,* 831 F.2d 410, 414–18 (3d Cir.1987). Thus, the substantive state-law basis of the Actions is only one of the factors which we must consider in applying 28 U.S.C. §§ 1452(b) and 1334(c), and it is not a decisive one. *See Container Transport, supra,* 86 B.R. at 807; *In re Ziets,* 79 B.R. 222, 227 (Bankr.E.D.Pa.1987), *aff'd,* C.A. No. 87–7756 (E.D.Pa. Feb. 19, 1988); and *United Church, supra,* 74 B.R. at 278.

■ Moreover, Computerware's Action is rather plainly a core proceeding. It states a claim against the Debtor. *See* 28 U.S.C. § 157(b)(2)(B); and *Meyertech,* 831 F.2d at 418. However, as the Debtor points out, this proceeding is stayed by the Debtor's bankruptcy filing and, as we note below, the cause of action set forth therein will be properly relegated to the claims process. *See In re Clark,* 91 B.R. 324, 338, 342 (Bankr.E.D.Pa.1988).

■ The Debtor's Action presents a more difficult question. There is a split of authority as to whether certain pre-petition claims of a debtor sounding in contract are core or non-core. *Compare In re Earle Industries, Inc.,* 71 B.R. 919 (Bankr.E.D. Pa.1987) (FOX, J.) (pre-petition accounts receivable actions are non-core); *with In re Windsor Communications Group, Inc.,* 67 B.R. 692 (Bankr.E.D.Pa.1986) ("garden variety" pre-petition accounts receivable actions may be core). However, the Debtor's Action clearly sounds in tort, not in contract, and appears to be a "personal injury action" within the scope of 28 U.S.C. § 157(b)(5). Any proceeding within the scope of § 157(b)(5) must be tried in the district court and cannot even be heard in the bankruptcy court, as can a non-core proceeding.

It is thus difficult to see how an action falling within the scope of § 157(b)(5) could ever be considered core. In any event, the complexities of this type of the Debtor's Action are nevertheless such that it is very doubtful that we would classify it as core. *Compare In re A.I.A. Industries, Inc.,* 75 B.R. 1013, 1016–18 (Bankr.E.D.Pa.1987)

368

(complex pre-petition contract claim of debtor sounding in contract is non-core).

We therefore conclude that, as to the Debtor's Action, the third requirement for mandatory abstention is met here, and that at least that Action is non-core.

It also appears that the sixth requirement, *i.e.*, proof of an opportunity for timely adjudication in the CCP, has been established here. Computerware has asserted, without dispute, that, despite the long gestation period of these Actions, the CCP was prepared to try them on June 11, 1990. In any event, the longevity of the pendency of these Actions in the state courts and the imminence of trial there suggest that a remand would be appropriate. *See In re Baren,* 47 B.R. 39, 43 (Bankr.N.D.Ill.), *aff'd,* 48 B.R. 752 (N.D.Ill.1984); and *In re Wilson,* 85 B.R. 722, 729 (Bankr.E.D.Pa. 1988).

■ The fact that the requirements for mandatory abstention are met as to one of the Actions, and are at least nearly met as to the other, are factors which would cause us to strongly consider discretional abstention and a remand of both Actions. *See Joshua Slocum,* 109 B.R. at 107. Two other factors merit consideration.

Firstly, it appears that both parties demanded a jury trial of the Debtor's Action, and possibly both Actions, in the CCP. This bankruptcy court appears to be precluded from conducting a jury trial in a non-core proceeding. *See, e.g., In re Globe Parcel Service, Inc.,* 71 B.R. 323, 326 (E.D. Pa.1987); and *In re Jackson,* 90 B.R. 126, 135 n. 7 (Bankr.E.D.Pa.1988).

In light of the uncertainty as to whether bankruptcy courts can ever conduct jury trials, *compare In re United Missouri Bank,* 901 F.2d 1449 (8th Cir.1990) (cannot do so); *with In re Ben Cooper, Inc.,* 896 F.2d 1394 (2d Cir.1990) (can do so), the fact that a jury demand is outstanding has been recognized as a strong consideration in deciding to remand a proceeding to a state-court forum which clearly can and will conduct jury trials where appropriate. *See In re Johnson,* 115 B.R. 712, 714 (Bankr.S.D. Ala.1990); *In re Revco, D.S., Inc.,* 99 B.R. 768, 776 (N.D.Ohio 1989); and *In re*

*Brown,* 56 B.R. 487, 489–91 (Bankr.D.Md. 1985). In any event, it appears that the one-stop, swift-process bankruptcy court forum may not be available to hear this proceeding. The jury demand would apparently require its submission to the district court.

Secondly, if in fact the Debtor's Action is within the purview of § 157(b)(5), that is another reason why the district court, and not this forum, would hear this matter. If the matter must be heard in a forum other than this bankruptcy court, it makes little practical difference what forum hears it, and we may as well send it back to the state court as serve as a mere stepping-stone for a proceeding to find its way to the district court. *See Joshua Slocum,* 109 B.R. at 106–07.

**B. *We Can and Will Proceed to Deny Computerware's Request for Relief from the Automatic Stay.***

Despite that our Order of May 30, 1990, invited Computerware to follow an expedited process only in filing a motion to remand these Actions to the CCP, Computerware saw fit to attempt to add a motion seeking relief from the automatic stay onto its Motion as well. Because of both procedural and substantive shortcomings, this aspect of its Motion, which is a core proceeding that we *can* and must determine, *see* 28 U.S.C. § 157(b)(2)(G), will be denied.

■ By tacking its request for relief from the stay onto the instant Motion, Computerware has not properly filed its Motion for Relief in accordance with B.Rule 9014 and Local B.Rule 9014.1. In order to obtain relief from the automatic stay, a motion must be filed with the court, a hearing scheduled, and notice of the hearing to all interested parties must be given. Only the Debtor and the court were served with the instant Motion. As we stated in confronting a similar problem (the filing of a "cross-motion") in *In re Summit Airlines, Inc.,* 94 B.R. 367, 369 (Bankr.E.D.Pa. 1988), *aff'd,* 102 B.R. 32 (1989),

[a] "cross-motion," unless itself accompanied with all of the adornments required

by B.Rule 9014 and Local Bankruptcy Rule 9014.1, is never a proper pleading. For, unless it is filed with such enclosures, its presentation deprives other interested parties of the notice and opportunity to respond to which they are entitled as to any motion which is properly filed on its own.

 Furthermore, the substance of the motion for relief is most doubtful. Computerware is merely an unsecured creditor of the Debtor. As such, it bears the heavy and possibly insurmountable burden of proving that the balance of hardships tips significantly in favor of granting relief as against the hardships to the Debtor in denying relief. *See In re Ward*, 837 F.2d 124, 128 (3d Cir.1988); *In re FRG, Inc.*, 114 B.R. 75, 80 (E.D.Pa.1990); *In re Metro Transportation Co.*, 82 B.R. 351, 353 (Bankr.E.D.Pa.1988); and *In re Ronald Perlstein Enterprises, Inc.*, 70 B.R. 1005, 1009–10 (Bankr.E.D.Pa.1987). Clearly, if unsecured creditors could easily obtain relief from the stay to pursue their claims against debtors in other forums, rather than in the bankruptcy claims process, much of the purpose for bankruptcy filings, featuring a summary process for resolving claims, would be undermined.

Therefore, although we recommend that both actions are remanded to the CCP, Computerware is not entitled to have relief from the stay to pursue its action against the Debtor. Computerware is obliged to file a proof of claim in the Debtor's bankruptcy case to pursue its claim against the Debtor, allowing the amount of its claim to be decided by this court in the claims process. *See Clark, supra*, 91 B.R. at 338, 342.

Unfortunately for Computerware, the Debtor's Action, not being subject to the stay, will proceed in the CCP. *See, e.g., Association of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir.1982); *In re Inner Circle of Valley Forge, Inc.*, Bankr. No. 899–13024F, slip op. at 4 (Bankr.E.D.Pa. Dec. 8, 1989); *In re Wengert Transportation, Inc.*, 59 B.R. 226, 228 (Bankr.N.D.Iowa 1986); and *In re Ruble*, 34 B.R. 37, 38 (Bankr.N.D.Ohio 1983).

We therefore conclude that this court should recommend that both Actions removed in this proceeding be remanded to the CCP. We shall so recommend to the district court. Because of this tentative disposition, we will stay the trial of this proceeding presently scheduled in this court on July 5, 1990. However, we will also deny Computerware's motion for relief from the automatic stay, thus allowing only the Debtor's Action to proceed in the CCP.

Dated at Philadelphia, PA, this 29th day of June, 1990.