## BOARD OF DIRECTORS, OLATHE PUBLIC LIBRARY, Plaintiff,

### v.

CENTURY OFFICE PRODUCTS, INC., Mid–Continent Leasing, Inc., General Electric Capital Corp., First National Bank of Shawnee Mission, Ross A. Sciara Money Purchase Pension Plan, Lyon County State Bank, and Creative Capital Resources, Defendants.

Civ. A. No. 93–2511–GTV.

United States District Court, D. Kansas.

Feb. 24, 1994.

Daniel M. Zimmerman, Speer, Austin, Holliday & Zimmerman, Olathe, KS, for plaintiff.

Kenneth F. Crockett, Topeka, KS, J. Dale Youngs, Spradley & Riesmeyer, P.C., Todd Ruskamp, Shook, Hardy & Bacon, Kansas City, MO, William O. Isenhour, Jr., Soden & Isenhour, P.A., Mission, KS, Timothy J. Knopp, O'Keefe, Knopp & Weishaar, Leawood, KS, Larry J. Putnam, Patton, Davis & Putnam, P.A., Emporia, KS, and Stephen D. McGiffert, McDowell, Rice & Smith, P.C., Overland Park, KS, for defendants.

### MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This case originated as an adversary proceeding filed in connection with the Century Office Products, Inc. bankruptcy proceeding. *See In re Century Office Products, Inc.,* Case No. 92–22051–7, Adversary No. 92–6149 (Bankr.D.Kan.). By order dated December 8, 1993, this court adopted the Bankruptcy Court's recommendation and withdrew the reference of the adversary proceeding to the Bankruptcy Court. At the same time, this

---

court ordered the parties to show cause why the court should not abstain from hearing this case pursuant to 28 U.S.C. § 1334(c). The responses to that show cause order have now been reviewed. For the reasons set forth below, this court finds that it should abstain from hearing this proceeding.

## I. Background

On October 1, 1992, Century Office Products, Inc. ("COPI"), filed its voluntary bankruptcy petition under Chapter 11. COPI is a Kansas corporation in the business of selling, leasing, and servicing photocopiers and related equipment and supplies. The bankruptcy case was converted to a case under Chapter 7 on January 19, 1993.

A number of adversary proceedings, which contained similar facts and issues, were filed in the bankruptcy case. With one exception, each adversary was filed by a party which is currently a lessee under two or more equipment leases originated by COPI as lessor. The defendants in the actions are generally financial institutions or financing entities that purchased the equipment leases from COPI after execution by the lessees. Generally, the adversary complaints requested that the court determine the rights of the respective parties under the multiple leases, including the plaintiffs' obligations to make payments to the defendants.

COPI did not respond to any of the adversary proceedings and is therefore in default. The Chapter 7 trustee is not asserting any interest in the lease agreements or the copier equipment that were the subjects of the adversary proceedings. On May 26, 1993, the bankruptcy court entered an order granting the trustee's motion to abandon property in which the trustee moved to abandon COPI's property without reservation, but reserved the right to any proceeds from the sale of assets to the extent that the proceeds exceed the amount owed to any perfected lien holder.

On July 22, 1993, in response to various motions for abstention and for recommendation of withdrawal of reference, the bankruptcy court entered one order and one recommendation. In its Order of Abstention, the bankruptcy court abstained from a number of the adversary proceedings pursuant to 28 U.S.C. § 1334(c)(1). The abstention order applied to those proceedings in which it was clear that there was no independent basis for federal jurisdiction. In its Recommendation for Withdrawal of Reference, the court recommended that the District Court withdraw the reference of the remaining adversary proceedings, which included the instant case, so that the District Court could determine whether or not abstention would be appropriate. This court adopted that recommendation and withdrew the reference of those adversary proceedings. The abstention issue is now before the court.

## II. Abstention

Subject matter jurisdiction to hear bankruptcy cases and proceedings is conferred by 28 U.S.C. § 1334. Section 1334(b) provides "the district court shall have original but not exclusive jurisdiction of civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). All Title 11 cases and proceedings in, under, or related to Title 11 cases are referred to the bankruptcy judges of this district. *See* 28 U.S.C. § 157(a) and D.Kan.Rule 705. This reference to the bankruptcy court is subject to withdrawal under 28 U.S.C. § 157(d).

Although this court has jurisdiction over this case, 28 U.S.C. § 1334(c) sets forth provisions for mandatory and discretionary abstention. Section 1334(c)(1) provides for the court to exercise discretion in abstaining from hearing a particular proceeding arising under Title 11 or arising in or related to a case under Title 11 "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1). Section 1334(c)(2) provides for mandatory abstention in certain situations:

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from

hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).

 Although this case does not contain all of the elements necessary for mandatory abstention, an examination of the elements of the mandatory abstention provision gives guidance to this court in determining whether to exercise discretionary abstention under Section 1334(c)(1). Courts often look to the mandatory abstention provision and if most of the elements are present, they are inclined to exercise discretionary abstention. *See In re Futura Industries, Inc.*, 69 B.R. 831, 834 (Bankr.E.D.Pa.1987); *In re Mill–Craft Building Systems, Inc.*, 57 B.R. 531 (Bankr. E.D.Wis.1986); *In re Counts*, 54 B.R. 730, 736 (Bankr.D.Colo.1985); *In re Illinois–California Express, Inc.*, 50 B.R. 232, 240–41 (Bankr.D.Colo.1985).

After reviewing those elements and the facts involved in this case, the court concludes that it will abstain. In response to the court's show cause order none of the parties has provided the court with any showing why it should not abstain. In addition, it appears that most of the elements of mandatory abstention are present.

First, the claims raised by the plaintiff in this case are based upon state law. Second, this is a "non-core proceeding" since it is one which does not depend upon the bankruptcy laws for its existence and which could proceed in another court. *See In re Gardner*, 913 F.2d 1515, 1518 (10th Cir.1990). While the outcome of the case could conceivably have some effect on the bankruptcy estate, the relationship to the bankruptcy estate is so minimal that it is insufficient in itself to compel this court to exercise jurisdiction. *See Futura Industries*, 69 B.R. at 835 ("The degree to which the related proceeding is related to the bankruptcy case, as a practical matter, will doubtless be an important factor in the decision whether to abstain."). Further, the parties have not shown that this case could have been commenced in a federal court absent bankruptcy jurisdiction. Finally, there is no reason to believe that this case cannot be timely adjudicated in a state court. For all these reasons, this court finds that it should exercise discretionary abstention in the above-captioned case.

IT IS, THEREFORE, BY THE COURT ORDERED that the court hereby abstains from the above-captioned case pursuant to 28 U.S.C. § 1334(c)(1). The Clerk is directed that the case be closed.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**