In re JOSHUA SLOCUM, LTD., A Delaware Corporation, Debtor.

In re JOSHUA SLOCUM, LTD., A Pennsylvania Corporation, jointly administered, Debtor.

Lester E. WOLSER, Plaintiff,

v.

JOSHUA SLOCUM, LIMITED

and

Joshua Slocum, Limited the Parent corporation of Joshua Slocum, Limited

and

Louise MacKenzie, individually and in her capacity as President and a Member of the Board of Directors for Joshua Slocum, Limited

and

Raymond L. Bank, individually and in his capacity as a Member of the Board of Directors for Joshua Slocum, Limited

and

Trudy Sullivan, individually and in her capacity as a Member of the Board of Directors for Joshua Slocum Limited

and

F.C. Maynard, III, individually and in his capacity as a Member of the Board of Directors for Joshua Slocum, Limited

and

G. Clinton Merrick, individually and in his capacity as a Member of the Board of Directors for Joshua Slocum, Limited

and

Frank Adams, individually and in his capacity as a Member of the Board of Directors for Joshua Slocum, Limited

and

Charles A. Burton, individually and in his capacity as a Member of the Board of Directors for Joshua Slocum, Limited, Defendants.

Bankruptcy Nos. 88–14082S, 88–14083S. Misc. No. 89–0097.

United States District Court, E.D. Pennsylvania.

Dec. 21, 1989.

William F. Saldutti, III, Philadelphia, Pa., for plaintiff.

Carl H. Delacato, Jr., Philadelphia, Pa., Robert S. Burrick, New York City, for debtors.

Claudia Z. Springer, David E. Loder, Judith D. Reich, Philadelphia, Pa., for movants.

James W. Adelman, Philadelphia, Pa., for Creditors' Committee.

Melvin Lashner, Philadelphia, Pa., trustee.

## MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

Presently before the court are the objections of the plaintiff in this adversary action, Lester E. Wolser (Wolser), to the Report and Recommendations of the Honorable David A. Scholl, United States Bankruptcy Judge for the Eastern District of Pennsylvania. Individual defendants [1] in this adversary action moved to remand this case to state court pursuant to 28 U.S.C. § 1452 as an exercise of mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2), or discretionary abstention pursuant to 28 U.S.C. § 1334(c)(1). The Bankruptcy Court recommended that this court exercise its discretion to abstain from hearing this matter pursuant to 28 U.S.C. § 1334(c)(1). The trustee for the debtor has also filed a mo-

---

1. The individual defendants in this action, all sued in their individual capacity and as officers or members of the board of directors of the debtor corporations are: Louise MacKenzie, Raymond L. Bank, Trudy Sullivan, F.C. Maynard, III, G. Clinton Merrick, Frank Adams and Charles A. Burton.

tion to dismiss Wolser's claim against debtor/defendant Joshua Slocum, Ltd. (Slocum).[2]

■ This court's standard of review of factual findings in the report and recommendations of the bankruptcy court requires that they be accepted unless clearly erroneous. Fed.R.Bankr. 8013. Issues of law are subject to de novo review. *In re Harris*, 94 B.R. 832 (D.N.J.1989).

■ There is no dispute concerning the relevant facts in this matter. Wolser was employed by Slocum as Executive Vice President and Chief Operating Officer. On September 2, 1988, a letter was sent to Wolser informing him that his employment was terminated by Slocum. On September 16, 1988, Wolser filed a complaint against Slocum and the individual defendants in the Court of Common Pleas, Philadelphia County. Wolser's complaint alleged breach of contract and defamation. The parties reached an agreement to settle this case for various terms, including a $75,000.00 payment to Wolser. Subsequent to this agreement, Slocum filed its Chapter 11 petition which prevented payment to Wolser pursuant to the automatic stay in bankruptcy, 11 U.S.C. § 362. Wolser then removed this case to the United States District Court and it was referred to the Bankruptcy Court.

Wolser now contends that there has been no settlement in this case as no writing memorialized the agreement and Slocum has not satisfied all of the terms of the settlement. In the adversary action, Wolser seeks to now litigate his breach of contract and defamation claims.

■ These contentions are without merit. The presence of a writing to memorialize the settlement of a case, while evidence

of such settlement, is not an essential component of that settlement. All that is required is the mutual assent of the parties. *Mainline Theatres v. Paramount Distributing Corp.*, 298 F.2d 801, 803 (3d Cir.) *cert. denied*, 370 U.S. 939, 82 S.Ct. 1585, 8 L.Ed.2d 807 (1962); *Pugh v. Super Fresh Food Markets*, 640 F.Supp. 1306 (E.D.Pa. 1986). While Slocum has not paid Wolser the required $75,000.00, this is a necessary result of Slocum's Chapter 11 filing and Wolser's subsequent creditor status. Wolser's claim against Slocum may be properly asserted through the procedures of the administration of the estate in bankruptcy. Accordingly, Wolser's complaint against Slocum is barred by *res judicata* and the court shall grant the trustee's motion to dismiss.

■ Because there is no independent subject matter jurisdiction for Wolser's complaint against the individual defendants, that part of Wolser's complaint shall be remanded to the Court of Common Pleas, Philadelphia County consistent with the report and recommendations of Judge Scholl.[3]

### ORDER

AND NOW, this 21st day of December, 1989, upon consideration of the objections to the Report and Recommendation entered on February 21, 1989 in the United States Bankruptcy Court for the Eastern District of Pennsylvania by the Honorable David A. Scholl, of the plaintiff, Lester E. Wolser, the various responses thereto, the motion to dismiss of the trustee, Melvin Lashner, Esquire, the plaintiff's response thereto, and upon a thorough review of the record it is ORDERED that:

1. The motion to dismiss of the trustee, Melvin Lashner, Esquire, is GRANTED.

---

**2.** Slocum is in actuality Joshua Slocum, Ltd., a Delaware Corporation and Joshua Slocum, Ltd., a Pennsylvania Corporation. The estates are being jointly administered.

**3.** The court notes that Wolser originally requested oral argument on this matter and a hearing was scheduled which was continued. Upon review of the record presented in this matter and the dispute asserted, it became clear to the court that a hearing would be unnecessary and would

only serve to frustrate the underlying bankruptcy policies that provide for an equitable and expeditious settlement of the debtors estate. *See, In re Quanta*, 739 F.2d 912, (3d Cir.1984); *affirmed sub nom, Midlantic National Bank v. New Jersey Department of Environmental Protection*, 474 U.S. 494, 106 S.Ct. 755, 88 L.Ed.2d 859 (1986). Therefore, this decision was made pursuant to Fed.R.Bankr. 8012; E.D.Pa.R. 20(f).

The Complaint against defendants Joshua Slocum, Ltd., a Delaware Corporation and Joshua Slocum, Ltd., a Pennsylvania Corporation is DISMISSED.

2. The complaint against defendants Louise MacKenzie, Raymond L. Bank, Trudy Sullivan, F.C. Maynard, III, G. Clinton Merrick, Frank Adams and Charles A. Burton is REMANDED to the Court of Common Pleas, Philadelphia County.

REPORT AND RECOMMENDATION OF BANKRUPTCY JUDGE IN REFERENCE TO MOTION FOR REMAND PURSUANT TO 28 U.S.C. SECTION 1452(b) AND BANKRUPTCY RULE 9027(e) AND FOR ABSTENTION PURSUANT TO 28 U.S.C. SECTION 1334(c)

DAVID A. SCHOLL, Bankruptcy Judge.

Presently at issue is a motion filed by Defendants, Louis Mackenzie, Raymond L. Bank, Trudy Sullivan, F.C. Maynard, III, G. Clinton Merrick, Frank Adams, and Charles A. Burton, individually and in their capacity as members of the Board of Directors of Joshua Slocum Ltd. (hereinafter referred to as "the Movants"), seeking the following alternative relief in reference to this proceeding, which was removed to federal court by its Plaintiff:

(1) Remand, pursuant to 28 U.S.C. § 1452(b), upon the contention that this Court lacks jurisdiction over the matter or upon other "equitable principles;" and

(2) Abstention, pursuant to 28 U.S.C. § 1334(c)(2) or 28 U.S.C. § 1334(c)(1).

In light of Bankruptcy Rules 9027(e) and 5011(b), we are obliged to present a report and recommendations concerning the instant motion to the district court in order that the district court can make a disposition thereof.

The Plaintiff, Lester E. Wolser, commenced this action in the court of Common Pleas of Philadelphia County by filing a Complaint against the Debtors, Joshua Slocum, Ltd. (Delaware) and its parent corporation, Joshua Slocum Ltd. (Pennsylvania), and the Movants on September 16, 1988.

The Complaint contends that the Plaintiff's employment was terminated by the Debtors in breach of the employment agreement between him and the Debtors. The Plaintiff alleges that the Movants are jointly liable with the Debtors for the breach. In addition, the Plaintiff asserts a claim of defamation arising from the contents of a letter of September 2, 1988, sent to the Plaintiff which terminated the employment agreement.

Subsequent to the institution of this lawsuit, the parties entered into a settlement agreement. Allegedly, the Debtors' intervening filing of Chapter 11 bankruptcy petitions, on November 21, 1988, prevented the Debtors from fully complying with some of the terms of the settlement agreement, most significantly paying the Plaintiff an agreed of $75,000.00. The Debtors are presently in a liquidation motion having sold all of their inventory to a liquidator. On February 16, 1989, a Chapter 11 Trustee was appointed, and it is anticipated that, within the next two weeks, the case will be converted to a Chapter 7 case.

After the bankruptcy filings, the Plaintiff filed a Petition for Removal and accompanying papers in the state court and in the district court in order to remove this action to this federal district court. Apparently, the district court, without taking any action on the matter, referred the matter to this court where it was docketed on December 8, 1988.

On December 15, 1988, as soon as we became aware of the matter, we entered an Order directing any parties desiring to file any motion to remand or make any disposition other than have us hear it on the merits must so move by December 30, 1988, with a response due on January 15, 1989, and a status conference scheduled on January 18, 1989. On January 10, 1989, the non-debtor Movants, claiming not to have received the Order of December 15, 1988, filed a motion to enlarge the time for filing a motion to remand. Considering this motion at the January 18, 1989, conference, after a colloquy with counsel, we granted it and directed the Movants to file a motion for remand and a supporting brief

on or before January 31, 1989; provided the Plaintiff until February 15, 1989, to answer; and scheduled a further status conference on February 22, 1989. This Report is submitted for distribution at that status conference.

The law applicable to the instant motion is 28 U.S.C. § 1452(b), which merely states that a court may remand a claim or cause of action which had previously been removed on "any equitable ground." Judge Fox of this court has expressly held that, if grounds for abstention pursuant to 28 U.S.C. § 1334(c) are present, then a remand is appropriate. *In re Pacor, Inc.*, 72 B.R. 927, 931 (Bankr.E.D.Pa.1987), *adopted*, 86 B.R. 808 (E.D.Pa.1988), *appeal dismissed*, No. 87–1408 (3d Cir. Jan. 27, 1988); and *In re Futura Industries, Inc.*, 69 B.R. 831, 835–36 (Bankr.E.D.Pa.1987). We implicitly reached the same conclusion when we analyzed § 1334(c) factors in deciding § 1452(b) motions in *In re Perry*, 86 B.R. 388, 389 (E.D.Pa.1988); *In re Gurst*, 75 B.R. 575, 577–79 (Bankr.E.D.Pa.1987); and *In re United Church of the Ministers of God*, 74 B.R. 271, 276–78 (Bankr.E.D.Pa. 1987).

■ The Movants devote considerable energy to a contention that this court lacks subject-matter jurisdiction over this proceeding because it is not "related" to the Debtors' bankruptcy cases, pursuant to 28 U.S.C. § 1334(b); *In re Bobroff*, 766 F.2d 797, 802–04 (3d Cir.1985); and *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994–96 (3d Cir. 1984). The test for whether a matter is "related" which is set down in *Bobroff* and *Pacor* is extremely broad, *i.e.*, "whether *the outcome could conceivably have any effect on the estate being administered in bankruptcy.*" *Bobroff*, 766 F.2d at 802; *Pacor*, 743 F.2d at 994. Here, it appears to us that there is a fairly strong possibility that the determination of the Movants' liability will have some impact upon the Plaintiff's potential claims against the Debtors' estates. Therefore, this proceeding is, indeed, "related" to the Debtors' bankruptcy cases. *See Futura Industries, supra*, 69 B.R. at 835. Moreover, unlike the proceeding in *Futura Industries*, the Debtors are

still at least nominally parties to this proceeding. *Id.* at 834. *Compare In re Malone*, 74 B.R. 315, 319 (Bankr.E.D.Pa.1987) (Debtor was already liquidated, its Chapter 11 Plan confirmed, and proceeds of liquidation were held on account by the time that the proceeding was filed; proceeding found not related). Hence, it is clear to us that this is a "related" proceeding and that it is not beyond the scope of this court's subject-matter jurisdiction.

However, that finding does not end our inquiry, because the proceeding, even if related, is subject to remand, on "equitable grounds," if the following alternative requirements of 28 U.S.C. §§ 1334(c)(1) or (c)(2) are made out:

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise. This subsection shall not be construed to limit the applicability of the stay provided for any section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.

It is well-established, in this jurisdiction, that "mandatory abstention," pursuant to § 1334(c)(2), is appropriate only when the following six requirements are satisfied: (1) a timely motion is made; (2) the proceeding is based upon a state law claim or state law cause of action; (3) the

proceeding is related to a case under Title 11; (4) the proceeding does not arise under Title 11; (5) the action could not have been commenced in a federal court absent jurisdiction under 28 U.S.C. § 1334; and (6) an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction. *In re Container Transport, Inc.*, 86 B.R. 804, 806 (E.D.Pa.1988); *Pacor, supra*, 72 B.R. at 932; and *Futura Industries*, 69 B.R. at 834.

There appears to be no dispute that the first, second, fourth, and fifth requirements of the six above stated are met here. However, the Plaintiff argues vigorously that this is a "core proceeding," pursuant to 28 U.S.C. § 157(b)(2)(B), as to the Debtors, and therefore the third component is not met and that therefore this is an inappropriate candidate for mandatory abstention.

■■■ We agree with the Plaintiff that, if this were a "core proceeding," § 1334(c)(2) would not apply. *See Gurst, supra*, 75 B.R. at 577; and *United Church, supra*, 74 B.R. at 277. However, we disagree with the Plaintiff's contention that the holding in *In re Meyertech Corp.*, 831 F.2d 410, 414–18 (3d Cir.1987), establishes that the instant proceeding is a "core proceeding."

The *Meyertech* proceeding apparently began with a filing of a proof of claim which became a proceeding when the debtor filed a counterclaim to the proof of claim. 831 F.2d at 412–13. To resolve a portion of that proceeding, counsel for the parties ultimately agreed that the claimant would file an adversary proceeding in the bankruptcy court. *Id.* at 413. The proceeding involved was, then, in effect, proof of claim litigation that the parties had agreed to commit to litigation in an adversary proceeding.

The distinction between the proceeding in *Meyertech* and the instant proceeding is that, here, the Plaintiff is confronted with the barrier of the automatic stay. *See* 11 U.S.C. §§ 362(a)(1), (a)(2), and (a)(6). Although it is not expressly stated in *Meyertech*, it is apparent that the agreement of

counsel to try the proceeding in issue in bankruptcy court must have included an agreement to lift the automatic stay to litigate that matter. Here, however, the Plaintiff has not even *moved* for relief from the automatic stay. Nor is it apparent how he could meet his burden to obtain such relief. *See, e.g., In re Ward*, 837 F.2d 124, 128 (3d Cir.1988); *In re Metro Transportation, Inc.*, 82 B.R. 351, 353 (Bankr.E.D.Pa.1988); *In re Borbridge*, 81 B.R. 332, 335–37 (Bankr.E.D.Pa.1988); and *In re Ronald Perlstein Enterprises, Inc.*, 70 B.R. 1005, 1009 (Bankr.E.D.Pa.1987); *appeal dismissed*, C.A. No. 87–2364 (E.D.Pa. June 25, 1987). We have frequently noted that only in narrowly-defined unusual circumstances would we permit a creditor to pursue a debtor in this court in litigation outside the purview of the normal claims process. *See, e.g., In re Clark*, 91 B.R. 324, 338 (Bankr.E.D.Pa.1988); and *In re New York City Shoes, Inc.*, 84 B.R. 947, 960 (Bankr.E.D.Pa.1988). Avoiding defense of litigation is often a powerful motivating factor in a debtor's filing bankruptcy. The bankruptcy court is therefore disinclined to become a forum in which litigation against debtors is commenced or to which it is transplanted.

The Plaintiff has, apparently, no real desire to obtain relief from the automatic stay, since he recognizes that the Debtor's assets available for distribution are likely to be lean. He has requested a jury trial and apparently hopes to litigate his cause of action, before a jury, against the Movants only, in district court and not here. Pulling aside the issue of whether this court could conduct a jury trial, *see In re Jackson*, 90 B.R. 126, 133–35 (Bankr.E.D. Pa.1988), the Plaintiff plainly has his sights set on the district court as his chosen forum, as indicated by the constant references in his Brief to 28 U.S.C. § 157(b)(5), which he believes requires that the district court grant a planned motion to withdraw the reference to this court after disposition of this motion.

Having just issued a decision in a wrongful discharge and defamation employment-related suit, *In re Frymire, Frymire v.*

*Painewebber, Inc.,* 96 B.R. 525 (Bankr.E.D. Pa.1989), we do not share the Plaintiff's confidence that 28 U.S.C. § 157(b)(5) is a ticket to district court from this court. Such actions appear to sound in contract, rather than being classified as actions involving a "personal injury tort." *See id.,* at 528 n. 2; Misc. No. 89–61 (E.D.Pa. Feb. 14, 1989) (motion to withdraw reference of *Frymire* proceeding denied).

Furthermore, the Plaintiff's resolve to litigate against the Movants only in district court weakens the "relation" of this case to the Debtors' bankruptcy cases here. It seems that the Plaintiff views the Debtors' bankruptcy filings merely as convenient stepping stones to permit him to litigate what would otherwise be a state-court matter in the federal court.

In sum, we believe that, due to the presence of the automatic stay, this proceeding can be presently viewed and will remain as an action brought strictly against non-debtors.

No claims against the Debtors are or, without stay relief, can be pursued against them in this proceeding. Therefore, 28 U.S.C. § 157(b)(2)(B) is not implicated, and we have, as in *Futura Industries,* a proceeding involving only non-debtors which is doubtfully even related to the bankruptcy cases here. *See* 69 B.R. at 834–35. Therefore, the third of the six requirements for mandatory abstention, pursuant to § 1334(c)(2) is met here.

We are prepared to stop at this point and acknowledge that the sixth requirement, *i.e.,* proof of an opportunity for timely adjudication in the Philadelphia state-court system, has not been proven by the Movants. *Compare Futura Industries,* 69 B.R. at 834. However, clearly, all but one of the six requirements for mandatory abstention are met. In such a case, "bankruptcy courts should have careful consideration whether it would be appropriate to exercise their discretion to abstain under § 1334(c)(1)." *Id.*

Giving this matter the requisite careful consideration, we conclude that abstention under § 1334(c)(1) is appropriate here. Leading us to this conclusion are, first, the observations that we made several paragraphs ago about the motivations of the Plaintiff in bringing this proceeding here. It is clear that the tenuous connection of this proceeding to the bankruptcy cases in this court does not support the policy behind allowing removal of cases related to bankruptcies to this court or the district court. Secondly, this case, though recently filed, has already proceeded through to a final settlement agreement in state court. All that may remain of this proceeding is enforcement of that settlement agreement. It seems practical to us to allow the court in which the settlement agreement was presented and by which it was most probably approved, *i.e.,* the state court, enforce its terms. *Compare In re Wilson,* 85 B.R. 722, 729 (Bankr.E.D.Pa. 1988) (abstention appropriate when bankruptcy filing occurs at the time that litigation matter is "about to be resolved in state court.").

We therefore conclude that this court should remand this proceeding to the state court from whence it came because it is a matter appropriate for discretionary abstention to the state court from which it was removed, pursuant to 28 U.S.C. § 1334(c)(1). We shall so recommend to the district court.

Dated at Philadelphia, PA,

this 21st day of February, 1989.