**In re Clarence TAYLOR, Debtor.**

**FEDERAL NATIONAL MORTGAGE ASSOC., Plaintiff,**

**v.**

**Theodore & Gertrude ROCKAFELLOW,**

**and**

**Donald J. Taylor, Defendants.**

Misc. No. 90–0175.

Bankruptcy No. 88–11042S.

Adv. No. 89–0067S.

United States District Court, E.D. Pennsylvania.

June 13, 1990.

David A. Searles, Community Legal Services, Inc., Philadelphia, Pa., for debtor.

Edward Sparkman, Philadelphia, Pa., Standing Chapter 13 Trustee.

David B. Comroe, Philadelphia, Pa., for plaintiff.

## ORDER

WALDMAN, District Judge.

AND NOW, this 13th day of June, 1990, upon consideration of the Report and Recommendations of the United States Bankruptcy Judge of March 3, 1989, it is hereby ORDERED AND DECREED as follows:

1. The Report and Recommendations are ADOPTED by this court.

2. The Motion of the FEDERAL NATIONAL MORTGAGE ASSOCIATION To Abstain and/or Remand and/or Dismiss is GRANTED in part.

3. This proceeding is and shall be remanded to the Court of Common Pleas of Philadelphia County under November Term, 1985, No. 2205, pursuant to 28 U.S.C. § 1334(c)(1).

4. The Deputy in Charge of Bankruptcy Operations is directed to remit the file in this proceeding to the Court of Common Pleas of Philadelphia County forthwith.

United States Bankruptcy Court for the Eastern District of Pennsylvania

REPORT AND RECOMMENDATION OF BANKRUPTCY JUDGE IN REFERENCE TO MOTION BY PLAINTIFF TO ABSTAIN, REMAND, OR DISMISS

Presently at issue is a motion filed by the FEDERAL NATIONAL MORTGAGE ASSOCIATION (hereinafter referred to as "FNMA"), the Plaintiff in this proceeding removed to this court by the Debtor, CLARENCE TAYLOR (hereinafter "the Debtor"), requesting, alternatively that we abstain from hearing this proceeding; remand it to the Philadelphia Court of Common Pleas (hereinafter "C.C.P."); or dismiss it, for lack of jurisdiction. Pursuant to Bankruptcy Rules (hereinafter "B. Rules") 9027(e) and 5011(b), we hereby present a report and recommendations concerning the instant motion to the district court, advising that the proceeding be remanded to the C.C.P.

FNMA commenced this mortgage foreclosure action in the C.C.P. on November 4, 1985, naming as Defendants the record owners of a premises situated at 2736 North Reese Street, Philadelphia, Pennsylvania (hereinafter "the Premises"), THEODORE O. ROCKAFELLOW and GERTRUDE C. ROCKAFELLOW, the Debtor's late grandparents (hereinafter "the Rockafellows"), and DONALD J. TAYLOR (hereinafter "Donald"), the Debtor's uncle. Service was made at the Premises by delivery of copies of the complaint to LUCILLE TAYLOR (hereinafter "Lucille"), the Debtor's mother and Donald's sister. The sheriff noted that the Rockafellows were deceased and that Donald was incarcerated at Camp Hill, Pennsylvania. Over two years later, FNMA entered a default judgment against all of the defendants on January 8, 1988.

The Debtor, at that time residing in the Premises with Lucille, filed a bankruptcy petition on March 30, 1988. Much of the rather unusual developments which have subsequently unfolded in the matters involving the Debtor's relationship to the Premises are recited in our Opinion of March 1, 1989, in Adv. No. 88–2081S, in which we denied the Debtor's efforts to utilize 11 U.S.C. § 506(a) to reduce the amount of FNMA's secured claim. 96 B.R. 584. Although not the owner of the Premises at that time, the Debtor was successful in staying a sheriff's sale of the Premises scheduled in April, 1988, in execution on FNMA's foreclosure judgment, apparently because FNMA and/or the sheriff confused the identity of Donald and the Debtor. *See id.*, 96 B.R. at 585–86. Then, shortly after Donald returned home from prison, he conveyed the property, per an unrecorded deed dated July 21, 1988, to Lucille and the Debtor. *Id.* at 4.

On January 26, 1989, the Debtor filed a Petition to Intervene and a Petition to Strike the Default Judgment in the C.C.P. action.[1] Then, on February 1, 1989, he filed an Application to remove the C.C.P. action to this court.

On February 3, 1989, as soon as we became aware of the matter, we entered an Order directing the Debtor to fully comply with B.Rule 9027(a) and for any parties desiring to file any motion to remand or make any disposition other than have us hear it on the merits to so move by February 27, 1989, with a response due on March 13, 1989, and a trial scheduled, if no remand motion were filed or granted, on March 30, 1989. On February 27, 1989, FNMA filed the motion before us; the

---

1. We express no opinion as to whether such a pleading is voidable or void due to the presence of the automatic stay. *See Association of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 449 (3d Cir.1982); and *In re Telephonics*, 85 B.R. 312, 319 (Bankr.E.D.Pa. 1988). Normally, an action in which the Debtor is a defendant is stayed by operation of 11 U.S.C. § 362(a)(1), irrespective of whether the actions undertaken therein are by the debtor or by the opposing litigant. However, we observe that the Debtor has not yet been permitted to intervene in that action as a defendant, and hence it may not be considered an action in which he is a defendant at this juncture.

Debtor answered on March 13, 1989; and the parties appeared before us on March 30, 1989. We indicated, at that time, our intention to recommend to the district court that FNMA's motion to remand this proceeding be granted, as expressed herein.

The law applicable to the instant motion seeking to remand this proceeding is 28 U.S.C. § 1452(b), which merely states that a court may remand a claim or cause of action which had previously been removed on "any equitable ground." Judge Fox of this court has expressly held that, if grounds for abstention pursuant to 28 U.S.C. § 1334(c) are present, then a remand is appropriate. *In re Pacor, Inc.,* 72 B.R. 927, 931 (Bankr.E.D.Pa.1987), *adopted,* 86 B.R. 808 (E.D.Pa.1988), *appeal dismissed,* No. 87–1408 (3d Cir. Jan. 27, 1988); and *In re Futura Industries, Inc.,* 69 B.R. 831, 835–36 (Bankr.E.D.Pa.1987). We implicitly reached the same conclusion when we analyzed § 1334(c) factors in deciding § 1452(b) motions in *In re Perry,* 86 B.R. 388, 389 (E.D.Pa.1988); *In re Gurst,* 75 B.R. 575, 577–79 (Bankr.E.D.Pa.1987); and *In re United Church of the Ministers of God,* 74 B.R. 271, 276–78 (Bankr.E.D.Pa. 1987). *Accord, In re Joshua Slocum, Inc., Wolser v. Joshua Slocum, Ltd.,* Bankr. Nos. 88–14082S & 88–14083S, Adv. No. 88–2299S, slip op. at 5 (Bankr.E.D.Pa. Feb. 21, 1989).

Ascertainment of whether a remand is appropriate is therefore determined by analysis of whether the following alternative requirements of 28 U.S.C. §§ 1334(c)(1) or (c)(2) are made out by FNMA on the record here:

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not

have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise. This subsection shall not be construed to limit the applicability of the stay provided for any section 362 of title 11, United States Code, as such section applies to any action affecting the property of the estate in bankruptcy.

It is well-established, in this jurisdiction, that "mandatory abstention," pursuant to § 1334(c)(2), is appropriate only when the following six requirements are satisfied:

(1) a timely motion is made; (2) the proceeding is based upon a state law claim or state law cause of action; (3) the proceeding is related to a case under Title 11; (4) the proceeding does not arise under Title 11; (5) the action could not have been commenced in a federal court absent jurisdiction under 28 J.S.C. § 1334; and (6) an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.

*In re Container Transport, Inc.,* 86 B.R. 804, 806 (E.D.Pa.1988); *Joshua Slocum, supra,* slip op. at 7; *Pacor, supra,* 72 B.R. at 923; and *Futura Industries,* 69 B.R. at 834.

We have no doubt that the first, second, fourth, and fifth requirements of the six above stated are met here. However, the Debtor argues, on the basis of our decision in *Gurst, supra,* 75 B.R. at 577, that this is a "core proceeding;" that therefore the third component is not met; and that consequently this proceeding is an inappropriate candidate for mandatory abstention.

We agree with the Plaintiff that, if this were a "core proceeding," § 1334(c)(2) would not apply. *See Joshua Slocum, supra,* slip op. at 7; *Gurst, supra,* 75 B.R. at 577; and *United Church, supra,* 74 B.R. at 277. However, we disagree with the Plaintiff's contention that *Gurst* is controlling here. Before us there was a motion by the

mortgagee-plaintiff in a foreclosure action seeking to remand a complaint brought in state court against the debtor, his wife, his son, and his former daughter-in-law, 75 B.R. at 576, a factual setting somewhat similar to the instant matter but distinguishable because the Debtor here is not yet a party to the proceeding. Also before us in that case, at the same time, was a motion by the mortgagee seeking relief from the automatic stay to pursue the foreclosure proceeding. *Id.* There was a similar motion by FNMA against the Debtor before us here on March 30, 1989.[2] However, most significantly, the debtor there *also* had pending before us, at the same time, a separate adversary proceeding objecting to the entire secured aspect of the mortgagee's claim due to his contention that the mortgage in issue there was not only rescindable, but had previously been properly rescinded by him. *Id.* at 576.

There, we concluded that we could not decide the remand motion until we decided the stay motion, observing that, if we declined to grant relief to the mortgagee from the automatic stay, the mortgagee could not proceed with the foreclosure action in any forum and the remand motion would be moot. *Id.* at 578. This observation may or may not be applicable here. *See* page 499 n. 1 *supra.* We further concluded that we could not decide the stay motion until we decided the separate adversary proceeding, because a decision in favor of the debtor in the latter would possibly eliminate the mortgage and "strike at the very heart" of the stay motion. *Id.* at 579. We should also add that we perceived potential merit in the separate adversary proceeding, which ultimately came to fruition. *See In re Gurst,* 79 B.R. 969 (Bankr. E.D.Pa.1987), *appeals dismissed,* No. 80–

2902 (E.D.Pa. Aug. 9, 1988); and 88 B.R. 57 (E.D.Pa.1988), *aff'd,* 866 F.2d 1410 (3d Cir. 1988). Because of our decision rescinding the mortgage, we dismissed the removed state court foreclosure system as to the debtor, and remanded the matter to the state as to the wife, the son, and the ex-daughter-in-law. 79 B.R. at 980, 981. The District Court, on appeal, ultimately dismissed the case as to the wife also, and adopted the remainder of our recommendation. Misc. No. 87–587, 1988 WL 78032 (E.D.Pa. July 25, 1988).

Here, there is clearly no separate adversary proceeding afoot, and no action which could strike at the heart of PNB's underlying mortgage appears conceivable. The presence of such a possibility was the main reason that we concluded that the removed proceeding in issue in *Gurst* might fit within the scope of 28 U.S.C. §§ 157(b)(2)(B) or (b)(2)(K). 75 B.R. at 577. We also questioned whether the first and second requirements necessary for invocation of mandatory abstention pursuant to § 1334(c)(2) were met there because the moving party had delayed for five months from the removal before moving to remand the proceeding and the issues raised in the removed proceeding included predominantly federal claims, as opposed to strictly state law claims. *Id.*

Other troublesome factors are present here which were absent in *Gurst.* First, there is some question as to whether the Debtor is and was, at the time of removal, a party to the proceeding.[3] Secondly, the Debtor is requesting this court to grant him relief from a judgment entered by the C.C.P. As our decision in *Telephonics, supra,* indicates, we are reluctant to interfere with another court's actions to grant relief

---

**2.** We ultimately continued the hearing on that motion until April 25, 1989, the date of a hearing on an Objection by the Debtor to FNMA's proof of claim, because FNMA was unprepared to present any evidence in support of the motion, as it was obliged to do in order to prevail. *See, e.g., In re Ward,* 837 F.2d 124, 128 (3d Cir.1988); *In re Metro Transportation Co.,* 82 B.R. 351, 353 (Bankr.E.D.Pa.1988); *In re Borbridge,* 81 B.R. 332, 335–37 (Bankr.E.D.Pa.1988); and *In re Ronald Perlstein Enterprises, Inc.,* 70 B.R. 1005, 1009 (Bankr.E.D.Pa.1987), *appeal dis-*

*missed,* C.A. No. 87–2364 (E.D.Pa. June 25, 1987). We did indicate that FNMA's inability to present any evidence justified our maintaining the stay in place until April 25, 1989. *See* 11 U.S.C. § 362(e).

**3.** We note that the Debtor may be forced to argue that he is *not* a party to avoid the impact of the automatic stay to invalidate all of his actions in that proceeding thus far. *See* page 499 & n. 1 *supra.*

from its own judgments. 85 B.R. at 318. *But see In re Miller,* 90 B.R. 762, 763 (Bankr.E.D.Pa.1988); and *Telephonics,* 85 B.R. at 318 n. 3 (this court will consider motions seeking relief from judgments entered by other courts in removed actions if no effort to remand is made by the opposing party). Finally, we note that the petition to strike the judgment here presents an issue that appears unsettled in Pennsylvania law, *i.e.,* may a prisoner be validly served at his last pre-incarceration address?

We therefore conclude that, by contrast to *Gurst,* the third of the six requirements for mandatory abstention pursuant to § 1334(c)(2) appears to be met here. We do acknowledge that the sixth requirement, *i.e.,* proof of an opportunity for timely adjudication in the Philadelphia state-court system, has not been proven by the FNMA. However, the Petitions filed by the Debtor will be resolved in motion court in the C.C.P., which is undoubtedly a shorter process than listing a case there for a full trial. When all but perhaps one of the six requirements for mandatory abstention are met "bankruptcy courts should have careful consideration whether it would be appropriate to exercise their discretion to abstain under § 1334(c)(1)." *Futura Industries, supra,* 69 B.R. at 834.

Giving this matter the requisite careful consideration, we conclude that abstention under § 1334(c)(1) is appropriate here. Only the sixth requirement for invocation of mandatory abstention is arguably not present, a scenario which prompted us to recommend a remand of the proceeding in *Joshua Slocum, supra,* slip op. at 11–12. Also, the considerations that this is a request to determine whether relief from a judgment entered by another court is present; there are unsettled issues of state law presented; and there is a question as to whether the Debtor is even a party to the proceeding in issue militate in favor of abstention. Finally, we note that, except for the rather extraordinary circumstances presented by *Gurst,* bankruptcy courts have consistently been reluctant to retain mortgage foreclosure proceedings removed thereto. *See In re Mill–Craft Building*

*Systems, Inc.,* 57 B.R. 531, 534–35 (Bankr. E.D.Wis.1986) (matter remanded pursuant to 28 U.S.C. § 1334(c)(2)); *Howard v. Tipton,* 26 B.R. 777, 779 (Bankr.S.D.Ohio 1982) (court "denies removal" of matter under former 28 U.S.C. § 1478(a)); and *In re Calabria,* 5 B.R. 73, 75 (Bankr.D.Conn. 1980) (matter remanded under former 28 U.S.C. § 1478(b)).

We therefore conclude that this court should remand this proceeding to the state court because it is a matter appropriate for discretionary abstention to the state court from which it was removed, pursuant to 28 U.S.C. § 1334(c)(1). We shall so recommend to the district court.

> (s) David A. Scholl
> DAVID A. SCHOLL
> UNITED STATES BANKRUPT-
> CY JUDGE
> 3722 United States Court House
> Philadelphia, PA 19106–1763