**In re Catherine WARREN, Debtor.**

**LOMAS & NETTLETON CO., Plaintiff,**

**v.**

**Catherine WARREN, Defendant.**

Misc. No. 90–578.

Bankruptcy No. 90–12633S.

Adv. No. 90–0637S.

United States District Court, E.D. Pennsylvania.

March 15, 1991.

---

Susan L. DeJarnatt, Community Legal Services, Inc., Philadelphia, Pa., for Debtor.

Edward Sparkman, Philadelphia, Pa., Standing Chapter 13 Trustee.

David B. Comroe, Philadelphia, Pa., for Lomas & Nettleton Co.

## ORDER

CLIFFORD SCOTT GREEN, Senior District Judge.

AND NOW, this 15th day of March, 1991, upon consideration of the Report and Recommendations of the United States Bankruptcy Judge of August 19, 1990, and the objections thereto of debtor-defendant, and in accordance with Bankr.Rule 9033(d), it is hereby ORDERED as follows:

1. The objections are overruled; as the Bankruptcy Judge concluded in his Report and Recommendations, this proceeding is properly characterized as "related" to the underlying bankruptcy case and cannot properly be classified as a core proceeding.

2. The Report and Recommendations are ADOPTED by this court.

3. The Motion of LOMAS & NETTLETON CO. to Abstain and/or Remand and/or Dismiss is GRANTED in part.

4. This proceeding is and shall be remanded to the Court of Common Pleas of Philadelphia County under June Term, 1987, No. 4387, pursuant to 28 U.S.C. § 1334(c)(1).

5. The Deputy in Charge of Bankruptcy Operations is directed to remit the file in this proceeding to the Court of Common Pleas of Philadelphia County forthwith.

REPORT AND RECOMMENDATION OF BANKRUPTCY JUDGE IN REFERENCE TO MOTION BY PLAINTIFF TO ABSTAIN, REMAND, OR DISMISS

DAVID A. SCHOLL, Bankruptcy Judge.

We have before us a motion filed by LOMAS & NETTLETON ("Lomas"), the Plaintiff in a state-court mortgage foreclosure action removed to this court in this proceeding by the Debtor–Defendant, CATHERINE WARREN ("the Debtor"). The motion requests, alternatively, that we abstain from hearing this proceeding; remand it to the Philadelphia Court of Common Pleas ("C.C.P.") where it was pending prior to its remand; or dismiss it, apparently for lack of jurisdiction. Pursuant to Bankruptcy Rules ("B.Rules") 9027(e) and 5011(b), we herein present a Report concerning the instant motion to the district court, recommending that this proceeding be remanded back to the C.C.P.

Lomas commenced this action in the C.C.P. on June 16, 1987. A default judgment was entered against the Debtor in the matter on November 13, 1987. A sheriff's sale of the Debtor's home, in execution upon that judgment, was stayed by the Debtor's filing of an earlier bankruptcy case, Bankr. No. 88–10281S, on January 29, 1988 ("the 1988 Case"). Although a Plan of Reorganization filed in the 1988 Case was confirmed on December 1, 1988, the 1988 Case was ultimately dismissed on a motion of the Standing Chapter 13 Trustee on June 12, 1989, when the Debtor failed to maintain her plan payments.

Lomas then resumed execution on its judgment in this action in the C.C.P. A sheriff's sale of the Debtor's home was consummated on November 6, 1989.

On June 1, 1990, the Debtor filed a Petition to Strike the Judgment and Void the Sheriff's Sale ("the Petition") in the C.C.P. The basis for this relief was the alleged failure of Lomas to strictly comply with the pre-judgment notice requirements of 41 P.S. § 403, a provision of Act 6 of 1974 ("Act 6"). Appended to the Memorandum supporting the Petition are several unreported decisions of the C.C.P. which allegedly support the relief sought.

Nevertheless, rather than proceed further in the C.C.P., the Debtor again resorted to this court, filing the instant underlying Chapter 13 bankruptcy case on June 25, 1990. This filing effected a stay of all proceedings in the C.C.P., including the disposition of the Petition. See In re Sciortino, 114 B.R. 423, 426 (Bankr.E.D.Pa.1990). The Debtor filed an Application for Removal of the matter to this court on July 30, 1990.

Pursuant to our general practice, as soon as we became aware of the matter on August 2, 1990, we entered an Order directing any parties desiring to file any motion to remand or make any disposition other than have us hear it on the merits to so move by August 15, 1990, with a response due on August 24, 1990. A hearing on the merits of the Petition was scheduled, in the event that a remand motion was not filed or was denied, on September 18, 1990. In that Order, we hinted broadly that we would be receptive to a motion to remand, in accord with principles articulated by us in Sciortino, supra, 114 B.R. at 427–28.

Taking the hint, Lomas, on August 15, 1990, filed the motion before us. It also filed a "Response" to the Debtor's Application seeking the same result and a Response on the merits of the Debtor's Petition to Strike the Judgment, containing the C.C.P. caption. Since removal is automatically effected by the filing of the Application to remove, B.Rule 9027(d); and Sciortino, 114 B.R. at 424, and all proceedings in the C.C.P. are stayed, these pleadings appear superfluous and void, respectively.

As in In re Taylor, 115 B.R. 498, 500–02 (E.D.Pa.1990), we will concentrate solely on Lomas's motion to remand this proceeding to the C.C.P. The law applicable to a motion seeking to remand a proceeding is 28 U.S.C. § 1452(b), which states that a court may remand a claim or cause of action which had previously been removed on "any equitable ground." Judge Fox of this court has expressly held that, if grounds for abstention pursuant to 28 U.S.C. § 1334(c) are present, then a remand

is appropriate. *In re Pacor, Inc.*, 72 B.R. 927, 932 (Bankr.E.D.Pa.1987), *adopted*, 86 B.R. 808 (1987), *appeal dismissed*, No. 87–1408 (3d Cir. Jan. 27, 1988); and *In re Futura Industries, Inc.*, 69 B.R. 831, 835–36 (Bankr.E.D.Pa.1987). We reached the same conclusion in deciding § 1452(b) motions in *Taylor, supra*, 115 B.R. at 500; and *In re Joshua Slocum, Ltd.*, 109 B.R. 101, 105 (E.D.Pa.1989).

Ascertainment of whether a remand is appropriate may therefore be determined by analysis of whether either of the following alternative requirements of 28 U.S.C. §§ 1334(c)(1) or (c)(2) can be made out by Lomas:

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise. This subsection shall not be construed to limit the applicability of the stay provided for any section 362 of title 11, United States Code, as such section applies to any action affecting the property of the estate in bankruptcy.

It is well-established, in this jurisdiction, that "mandatory abstention," pursuant to § 1334(c)(2), is appropriate only when the following six requirements are satisfied: (1) a timely motion is made; (2) the proceeding is based upon a state law claim or state law cause of action; (3) the proceeding is related to a case under Title 11; (4) the proceeding does not arise under Title 11; (5) the action could not have been commenced in a federal court absent jurisdiction under 28 U.S.C. § 1334; and (6) an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.

*Taylor, supra*, 115 B.R. at 500; *Joshua Slocum, supra*, 109 B.R. at 105–06; *In re Container Transport, Inc.*, 86 B.R. 804, 806 (E.D.Pa.1988); *Pacor, supra*, 72 B.R. at 932; and *Futura Industries, supra*, 69 B.R. at 834.

We have no doubt that the first, second, fourth, and fifth requirements of the six above stated are met here. However, the Debtor argues that this proceeding is core because it requests this court to determine whether the sheriff's sale of the Debtor's home is valid and hence whether her home is property of her estate.

■ We agree with the Debtor that, if this were a "core proceeding," § 1334(c)(2) would not apply. *See Joshua Slocum*, 109 B.R. at 106; *In re Gurst*, 75 B.R. 575, 577 (Bankr.E.D.Pa.1987); and *In re United Church of the Ministers of God*, 74 B.R. 271, 277 (Bankr.E.D.Pa.1987). However, we disagree with the Debtor's apparent contention that a determination of the validity of the sheriff's sale has any bearing on whether the Debtor's home is property of her estate or not, and hence renders this a "core proceeding." Clearly, whatever rights the Debtor has in her home are property of the estate. The significance of those rights will be ascertained in the determination of whether the judgment entered against the Debtor by the C.C.P. must be stricken. This issue is a matter of state law, not bankruptcy law. The real question before us is whether this court or the C.C.P. should be the forum to determine this issue. We can understand the Debtor's desire to have federal law determine this question. *See In re Miller*, 90 B.R. 762, 765–66 (Bankr.E.D.Pa.1988). However, these factors do not render the matters at hand a core proceeding.

The best argument that can be made that the instant proceeding is core is on the basis of 28 U.S.C. §§ 157(b)(2)(B), (b)(2)(K),

or (b)(2)(O), arguments which were advanced in *Gurst, supra,* 75 B.R. at 577. However, as we indicated in *Taylor, supra,* 115 B.R. at 501, the circumstances of *Gurst* were rather unique. We also had pending before us in *Gurst,* at the time of presentation of the motion to remand to us, a motion for relief from the automatic stay and a separate adversary proceeding objecting to the entire secured aspect of the mortgagee's claim on the basis of the rescission provisions of a federal law, the Truth-in-Lending Act, 15 U.S.C. § 1601, *et seq.* ("the TILA"). Furthermore, we perceived merit in the TILA proceeding seeking rescission, which ultimately came to fruition. *See In re Gurst,* 79 B.R. 969 (Bankr.E.D.Pa.1987), *appeals dismissed,* No. 80–2902 (E.D.Pa. Aug. 9, 1988) *aff'd,* 866 F.2d 1410 (3d Cir.1988); and 88 B.R. 57 (E.D.Pa.1988). Here, there is clearly no separate adversary proceeding afoot which could similarly strike at the heart of Lomas's underlying mortgage on the basis of federal law.

■ We therefore conclude that this proceeding appears to be merely "related" to the underlying bankruptcy case rather than core, and that the third of the six requirements for mandatory abstention pursuant to § 1334(c)(2) appears to be met here. We do acknowledge that the sixth requirement, *i.e.,* proof of an opportunity for timely adjudication in the Philadelphia state-court system, has not been conclusively proven by Lomas. However, the Petition filed by the Debtor will be resolved in motion court in the C.C.P., which is not a lengthy process. When all but perhaps one of the six requirements for mandatory abstention are met "bankruptcy courts should give careful consideration whether it would be appropriate to exercise their discretion to abstain under § 1334(c)(1)." *Futura Industries, supra,* 69 B.R. at 834. *Accord, Taylor, supra,* 115 B.R. at 502; and *Joshua Slocum, supra,* 109 B.R. at 107.

In *Sciortino,* 114 B.R. at 427, we issued the following strong statement of policies supporting the conclusion that matters such as the instant proceeding should generally be remanded to the state courts:

Firstly, we believe that, as a rule, the court which has originally entered a particular judgment should be accorded, as a matter of comity, the right to determine whether relief from its own judgment should be granted. *See In re Berg, Berg v. Skokie Federal Savings & Loan Ass'n,* Bankr. No. 89–13718S, Adv. No. 90–0100S, slip op. at 4, 1990 WL 53081 (Bankr.E.D.Pa. April 27, 1990); *In re Garafano,* 99 B.R. 624, 633 (Bankr.E.D.Pa. 1989); and *In re Telephonics, Inc.,* 85 B.R. 312, 318–19 (Bankr.E.D.Pa.1988). Secondly, bankruptcy courts have traditionally been reluctant to retain any mortgage foreclosure proceedings removed to them. *See In re Muir,* 107 B.R. 13, 17 (Bankr.E.D.N.Y.1989); *In re Taylor, Federal National Mortgage Ass'n v. Rockafellow,* [115 B.R. 498]; *In re Mill–Craft Building Systems, Inc.,* 57 B.R. 531, 534–35 (Bankr.E.D.Wis.1986); *Howard v. Tipton,* 26 B.R. 777, 779 (Bankr.S.D.Ohio 1982); and *In re Calabria,* 5 B.R. 73, 75 (Bankr.D.Conn.1980).

These issues of comity and a particular state interest in resolving its own foreclosure proceedings are present here. The proceeding remained in the C.C.P. for over three years, during the pendency of one unsuccessful effort of the Debtor to reorganize in this court. It flies in the face of comity for us to uproot this action now, and decline to allow the state court to resolve the matter of the validity of its own judgment.

The attack on the judgment in issue is based solely upon Act 6, a state law. While this court believes itself perfectly capable of interpreting state law, and in particular Act 6, when it is appropriate for it to do so, *e.g., Sciortino,* 114 B.R. at 429; *Miller, supra,* 90 B.R. at 767–70; and *In re Mosley,* 85 B.R. 942, 951–55 (Bankr.E.D.Pa. 1988), it is not our policy to do so where it is not warranted. Rather, we believe that application of the numerous unreported C.C.P. decisions cited by the Debtor in support of the merits of her Petition is best effected by the judges of the same C.C.P. that rendered these decisions.

Furthermore, we note that there was one aspect of *Sciortino* which raised a federal question, *i.e.*, whether the mortgage assignment program of the federal Department of Housing and Urban Development ("HUD") had been properly administered in the matter of the debtor and his wife. 114 B.R. at 429. No such federal issue regarding a HUD mortgage assignment is articulated here.

The Debtor finally argues that, since the instant proceeding seeks to overturn a sheriff's sale, it can be analogized to proceedings under 11 U.S.C. § 548, which seek to overturn sheriff's sales on the basis that they are fraudulent conveyances. *See, e.g., In re Brasby,* 109 B.R. 113 (Bankr.E.D.Pa. 1990); and *In re Cole,* 81 B.R. 326 (Bankr. E.D.Pa.1988). We respectfully disagree that this analogy is appropriate. Those proceedings were based upon federal bankruptcy law; the instant matter is based solely upon state law.

We therefore conclude, as we did in *Taylor, supra,* 115 B.R. at 502, that this court must remand this proceeding to the state court from which it was removed, because it is a matter appropriate for discretionary abstention, pursuant to 28 U.S.C. § 1334(c)(1). We shall so recommend to the district court. In light of this recommendation, we believe that it is appropriate for us to stay this proceeding pending the district court's review of our report, see B.Rule 5011(c), and the hearing of September 18, 1990, is cancelled.

Dated at Philadelphia, PA, this 29th day of August, 1990.